## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| KAYTLIN REED; and STEVEN M. REED,<br><br>　　Plaintiffs,<br><br>　　vs.<br><br>NAVIENT SOLUTIONS, INC.<br><br>　　Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **TCPA, 47 U.S.C. § 227,**<br>2. **Invasion of Privacy - Intrusion Upon Seclusion** |

## COMPLAINT FOR DAMAGES

Plaintiffs, Kaytlin Reed and Steven M. Reed, husband and wife, (collectively referred to herein as "Plaintiffs"), through their attorneys, allege the following against Navient Solutions LLC, ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiffs' Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiffs' Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement

1

(Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

6. Plaintiffs are consumers residing in the County of Lake County, State of Ohio.

7. Defendant is a creditor engaged in the business of loan servicing with its principal place of business located in Wilkes-Barre, PA. Defendant can be served with process through Corporation Service Company, 50 West Broad Street, Suite, 1330, Columbus, OH 43215.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

//

## FACTUAL ALLEGATIONS

9. Defendant is attempting to collect a debt from Plaintiffs.

10. In or around September of 2016, Defendant began placing calls to Plaintiffs cellular phone numbers (440) 417-2055 and (440) 487-6294, in an attempt to collect an alleged debt.

11. The calls placed by Defendant mainly originated from (570) 904-8745; (512) 351-4878; (386) 269-0178; (615) 432-4227; (513) 914-4612; (513) 914-4613; (513) 914-4614; (513) 914-4615; (513) 914-4616; (302) 261-5690; (703) 439-1081; (765) 283-3113; (615) 432-4230; (615) 432-4232; (386) 269-0335; (202) 899-1321; (512) 354-2004; (513) 914-4617; (765) 283-3385; (202) 899-1323; (765) 283-3147; (765) 283-3238; (703) 935-1150; (570) 904-8756; (512) 693-2529; and (856) 242-2507.

12. On or about September 12, 2016, at 12:12 p.m., Plaintiff Kaytlin Reed answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (512) 351-4878.

13. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Navient account.

14. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff on her cellular phone.

15. On or about September 19, 2016, at 5:34 p.m., Plaintiff Kaytlin Reed answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (386) 269-0178.

16. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Navient account.

17. Plaintiff, for the second time, unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

18. On or about October 19, 2016, at 12:10 p.m., Plaintiff Kaytlin Reed answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (513) 914-4612.

19. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Navient account.

20. Plaintiff, for the third time, unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

21. On or about December 21, 2016, Defendant placed two calls, one at 6:51 p.m. and the other at 6:52 p.m. Both calls originated from (703) 439-1083. The first call was placed to Plaintiff Kaytlin Reed's brother-in-law's home phone at (440) 392-0130. Defendant left a voice message.

22. The second call was placed to Plaintiff Steven Reed's cellular phone at (440) 487-6294. Plaintiff told the representative not to call his cellular phone any further. Despite his request, Defendant continued to call his cellular phone.

23. On or about December 29, 2016 at 1:50 p.m., Plaintiff Kaytlin Reed answered a call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number, (703) 439-1083.

24. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Navient account.

25. Plaintiff, for the fourth time, unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

5

26. The very next day, December 30 at 3:54 p.m., Plaintiff Kaytlin Reed received a phone call originating from (765) 283-3226. Plaintiff Steven Reed answered her cellular phone and spoke with a representative from Navient. Plaintiff Steven Reed requested that Defendant cease calling his wife's cellular phone.

27. On or about February 21, 2017 at 5:56 p.m., Plaintiff Steven Reed received another call on his cellular phone at (440) 487-6294 originating from (765) 637-0790.

28. Plaintiff spoke with a Defendant's Representative, "Andrea." Plaintiff requested that Defendant cease calls to his cellular phone. Later that day, at 7:39 p.m., and at 7:42 p.m., "Andrea" left two voicemails on his cellular phone.

29. In or about March 7, 2017 at 8:35 a.m., Plaintiff Steven Reed received a phone call originating from (317) 550-5610 placed to his cellular phone. Plaintiff answered the phone. He told the representative, for the third time, to stop calling his cellular phone. Despite his request, the calls from Defendant continued.

30. The next day, in or around March 8, 2017 at 9:09 a.m., Plaintiff Steven Reed received another phone call from Defendant. The phone call originated from (302) 261-5696.

31. Plaintiff spoke with a representative from Defendant and told the representative to stop calling his cellular phone for the fourth time, regarding this matter.

32. In or around March 23, 2017 at 6:51 p.m., Plaintiff Kaytlin Reed answered a phone call originating from (570) 904-8756. Plaintiff spoke with "Nick," a representative from Navient.

33. Plaintiff requested that calls to her cell phone cease and despite her sixth request, Defendant continued to call. The very next day, March 24, 2017 at 3:05 p.m., Plaintiff received another call from Defendant placed to her cellular phone.

34. Between September 12, 2016 and March 29, 2017, Defendant called Plaintiffs no less than two hundred and fifteen (215) times.

35. Defendant called Plaintiff Kaytlin Reed seven (7) times on September 26, 2016; (7) times on September 28, 2016; seven (7) times on September 29, 2016; seven (7) times on November 10, 2016; eight (8) times on November 15, 2016; and five (5) times on February 21, 2017.

36. Many times when Plaintiffs answered calls from Defendant, there was a pre-recorded message or no person on the phone.

37. Plaintiff Kaytlin Reed's phone would often ring up to seven (7) times a day with calls from Defendant. The calls not only induced stress, but also anxiety

that her work would be affected in a negative manner due to the daily incessant calls to her cellular phone.

38. Plaintiff, as a mother of two young children, would carry her cellular phone on her while at work in the case of an emergency. Defendant's relentless calling interrupted Plaintiff's work with patients while she was providing physical therapy.

39. Defendant's calls further embarrassed Plaintiff and disrupted her work environment as messages were left with her coworkers. The disruptions placed Plaintiff in a compromising position, requiring her to answer questions to her peers.

40. The calls to her cellular phone would often disrupt Plaintiff at home while caring for her two young children. The calls to her cellular phone, further, interrupted her sleep.

41. As a result of Defendant's conduct, Plaintiffs have sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

42. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Defendant violated the TCPA. Defendant's violations include, but are not

8

limited to the following:

    a) Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b) Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

44. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiffs are entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars

limited to the following:

    a) Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b) Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

44. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiffs are entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars

($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Violations of Ohio's Invasion of Privacy)

45. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendant violated Plaintiffs' privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiffs' solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b. Defendants conduct's would be highly offensive to a reasonable person as Plaintiffs received calls that often interrupted Plaintiffs' work and sleep schedule.

    c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

47. As a result of Defendant's violations of Plaintiffs' privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Kaytlin Reed, respectfully requests judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: June 9, 2017

/s/ Peter Cozmyk
Peter Cozmyk
Cozmyk Law Offices, LLC
6100 Oak Tree Blvd.,
Suite 200, Room #209
Independence, OH 44131
pcozmyk@hotmail.com
P: (870) 570-4440
F: (216) 485-2125